UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DANIEL M. SOFIA, Individually and on behalf of
all others similarly situated,

                                  Plaintiff,

-against-

L&R CORP. and MILLHOUSE, INC.,

                                 Defendants.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
18-cv-0863 (JMA) (ARL)

**FILED**
**CLERK**
5/22/2020 5:23 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the motion of plaintiff Daniel M. Sofia for default judgment against defendants L&R Corp. and Millhouse Inc. for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. (the "ADA"), New York State Civil Rights Law §§ 40-c and 40-d (the "NYSCRL"), and New York State Human Rights Law § 296 et seq. (the "NYSHRL"). (ECF No. 16.) Plaintiff seeks damages and injunctive relief. (See ECF Nos. 16, 17, 18, 19.) For the reasons stated herein, plaintiff's motion is GRANTED, and plaintiff is awarded a default judgment and injunctive relief as outlined in this Order.

## I. DISCUSSION

### A. Defendants Defaulted

The defendants were properly served in the action, but have not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

### B. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether

the allegations in the complaint establish the defendant's liability as a matter of law. Id.  Here, the allegations in the complaint are sufficient to establish defendants' liability for violations of the ADA, NYSHRL, and NYSCRL for failing to remove three categories of architectural barriers at Mill House Inn: (1) an inaccessible entrance and egress; (2) a lack of accessible parking; and (3) inaccessible bathroom facilities.[1]

C. **Injunctive Relief**

Plaintiff seeks to enjoin defendants from further discrimination.  (Pl.'s Mem. at 6–10, ECF No. 17.)  The ADA provides a private right of action for injunctive relief, and where, as here, plaintiff demonstrates that defendant has failed to remove architectural barriers in violation of 42 U.S.C. § 12182(b)(A)(iv), "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities."  42 U.S.C. § 12188(a)(2).

The Court finds that plaintiff has met his burden for injunctive relief to order the removal of the architectural barriers identified in paragraph 50 of the Complaint.  (Compl. ¶ 50.) Accordingly, within twelve (12) months of the entry of final default judgment, defendant must: (1) remove the architectural barriers identified in paragraph 50 of the Complaint and make the necessary alterations in accordance with the ADA and the ADA Accessibility Guidelines, and (2) file a statement of compliance with the Court.

D. **Damages**

Plaintiff also seeks compensatory and statutory damages premised on defendant's violation of the New York State laws.  "'[W]hile a party's default is deemed to constitute a concession of

---

[1] In the Complaint, Plaintiff breaks down the categories of inaccessible features by sections of the ADA Standards for Accessible Design.  (See Compl. ¶ 50, ECF No. 1.)  He does not separately identify specific violations of the NYSHRL or NYSCRL, so the Court assumes that plaintiff's NYSHRL and NYSCRL claims are founded on the same categories of architectural barriers.

2

all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

The NYSHRL provides for compensatory damages.  N.Y. Exec. Law §§ 296(2)(a), 297(9); Kreisler v. Second Ave. Diner Corp., No. 10-CV-7592, 2012 WL 3961304, at *14 (S.D.N.Y. Sept. 11, 2012), aff'd, 731 F.3d 184 (2d Cir. 2013).  However, the Court finds that plaintiff's request for $2,500 in compensatory damages is excessive, as plaintiff has not established any particular damages other than a blow to his self-esteem. (See Decl. of Daniel Sofia ¶¶ 5, 6, ECF No. 18.) Following the lead of other courts in this Circuit, the Court finds that $1,000 in compensatory damages is appropriate for such an alleged harm.  See Thompson v. Rising Star Beauty Salon Inc., No. 15-CV-3716, 2016 WL 9583995, at *3 (E.D.N.Y. Dec. 23, 2016) (report and recommendation collecting cases).

The NYSCRL provides for statutory damages—defendants who violate the provisions of section 40-c of the NYSCRL, "shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall

reside." N.Y. Civ. Rights L. § 40–d.[2] As explained supra, by virtue of their default, defendants are liable for violating section 40-c. Plaintiff requests $3,000 in statutory damages based on defendants' failure "to provide an accessible route to enter the public accommodation, accessible means of egress, accessible walkway, sufficient maneuvering clearance to access the entrance door, accessible bathroom[] in the accessible lavatory and sink[,] and[] insufficient clear floor space in the bathroom." (Pl.'s Mem. at 17.) While it appears plaintiff lists six violations, thereby requesting an award of $500 per violation, plaintiff fails to explain why he should be entitled to the maximum statutory compensation for each enumerated violation. Accordingly, the Court awards plaintiff $250 per listed violation, for a statutory damages award of $1,500.

Plaintiff is thus entitled to a total monetary damages award of $2,500.

## II. CONCLUSION

For the reasons stated above, plaintiff's motion for a default judgment is granted. A default judgment against defendants shall be issued as follows:

> Defendants L&R Corp. and Millhouse Inc. are liable to plaintiff Daniel M. Sofia for violating the Americans with Disabilities Act, 42 U.S.C. § 12182(b)(A)(iv), New York State Civil Rights Law § 40-c, and New York State Human Rights Law § 296(2)(a) for failing to remove architectural barriers at Mill House Inn.
>
> Defendants are jointly and severally liable to plaintiff for $2,500 in compensatory and statutory damages for the New York State law violations.
>
> Pursuant to 42 U.S.C. § 12188(a)(2), defendants, within twelve (12) months of the entry of final default judgment, must: (1) remove the architectural barriers identified in paragraph 50 of the Complaint and make the necessary alterations in accordance with the ADA and the ADA Accessibility Guidelines, and (2) file a statement of compliance with the Court.

---

[2]  To obtain these statutory damages, a plaintiff must have complied with the requirement that "[a]t or before the commencement of any action under this section, notice thereof shall be served upon the attorney general." N.Y. Civ. Rights L. § 40–d. In his motion papers, Plaintiff includes a copy of the letter sent to the New York Attorney General's Office on February 4, 2018, prior to commencing this suit, providing notice pursuant to NYSCRL. (Decl. of James Bahamonde Ex. 4, ECF No. 19; see also Compl. ¶ 77.) Accordingly, this prerequisite for statutory damages is satisfied.

Plaintiff must serve a copy of this Order on defendants via personal service and first-class mail at the last known address of defendants, or to an agent expressly authorized to accept service on behalf of defendants, and file proof of service on the docket.  Should plaintiff only serve this Order on an agent of defendants, plaintiff must include a letter with the proof of service informing the Court how plaintiff knows that the agent is authorized to accept service on behalf of both defendants.

Plaintiff may submit an application for attorneys' fees and costs within fourteen (14) days from the date of this Order.  Should plaintiff fail to apply for attorneys' fees and costs within that time-frame, the Clerk of the Court is directed to issue judgment in accordance with this Order and close this case twenty-one (21) days from the date of this Order.

**SO ORDERED.**

Dated:  May 22, 2020
Central Islip, New York

                  /s/ (JMA)
                  JOAN M. AZRACK
                  UNITED STATES DISTRICT JUDGE